## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**DAVID HALE**                                                                              **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO: 1:24-cv-44-TBM-RMP**

**CHESTER ESELIN, JR.**                                                              **DEFENDANT**

### ORDER GRANTING DEFAULT JUDGMENT

Plaintiff David Hale sued Defendant Chester Eselin, Jr. on February 8, 2024, alleging violations of the Americans with Disabilities Act, 42 U.S.C. Section 12181 ("ADA") and its relevant implementing regulations, 28 C.F.R. Part 36. [1], p. 1. In his Complaint, Hale sought declaratory and injunctive relief requiring Eselin to (1) remedy the identified violations and (2) enact and adhere to a policy that ensures the proper maintenance of the Metro Serve Gas Station to avoid future ADA violations. [1], p. 1.

Eselin was properly served on February 13, 2024, requiring a responsive pleading by March 5, 2024. [3]. But Eselin did not respond. So, Hale moved for an Entry of Default on April 22, 2024. [4]. On May 4, 2023, the Clerk of Court entered its Clerk's Entry of Default [5] against Eselin. On May 21, 2024, Hale moved for Default Judgment [6], which is now ripe for consideration.

### I. ANALYSIS

Federal Rule of Civil Procedure 55 governs defaults and prescribes the procedure to seek the entry of default judgment. To obtain a default judgment, the following must occur: (1) default by the defendants; (2) entry of default by the clerk; and (3) entry of default judgment by the court. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Here, Eselin defaulted by failing to answer or otherwise defend this suit within the proper timeframe. *See* FED. R. CIV. P. 55. Service was properly

executed on Eselin on February 13, 2024, yet he has not, to this date, appeared, answered, or otherwise defended this suit. [3]. Finally, the Court Clerk entered default against Eselin on May 4, 2024. [5]. Because all the procedural requirements for an entry of default judgment have been met, the Court finds that a default judgment may be entered.

The next inquiry is whether a default judgment is appropriate. "In determining whether to enter a default judgment against a defendant, the Fifth Circuit utilizes a three-part analysis: 1) whether the entry of default judgment is procedurally warranted, 2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and 3) what form of relief, if any, a plaintiff should receive." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Having reviewed the record, default judgment is appropriate.

*1. Procedurally Warranted*

The first determination is "whether a default judgment is procedurally warranted." *Lindsey*, 161 F.3d at 893. There are six factors relevant to this inquiry: [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by good faith mistake or excusable neglect; [5] the harshness of default judgment; and [6] whether the court would think itself obligated to set aside the default on the defendant's motion. *Id.* The district judge must exercise sound judicial discretion in determining whether the judgment should be entered by using the above factors. 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2685 (4th ed.).

Each factor supports entry of a judgment. Factually, the Complaint alleges that Hale is an individual with disabilities as defined by the ADA, substantially limited in performing major life activities such as walking and standing and uses a wheelchair for mobility purposes. [1]. In June 2023, Hale tried to access the Metro Serve Gas Station, a place of public accommodation, which Eselin

operates. *Id.* But Hale was unable to access or fully enjoy the Metro Serve Gas Station because of the barriers to equal access for wheelchair users. Second, there has been substantial prejudice. Eselin was served on February 13, 2024, over five months ago, and his response was due on March 5, 2024. Eselin has consequently had ample time to respond or defend himself and has chosen not to do so. Third, the grounds for default are clearly established—Eselin has yet to respond or otherwise file a pleading, despite being properly served on February 13, 2024. Additionally, the Clerk's Entry of Default [5] was entered over three months ago—on April 23, 2024, leaving only the Court's default judgment pending. Fourth, the default was not caused by good faith mistake or excusable neglect. It has been over five months since the Complaint was filed and almost as long since Eselin was served. While it is unclear whether Hale has attempted to further contact or alert Eselin, there is no requirement to do so under Rule 55. Fifth, a default judgment would not be unduly harsh given the time Eselin has had to respond and that Hale has no other remedy available. Finally, the Court can hardly imagine a situation in which it would think itself obliged to set this default aside. Accordingly, the default judgment is procedurally warranted.

### 2. Sufficiency of the Pleadings

Second, there must be a sufficient basis in the pleadings to enter the default judgment. Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Liquid Cap. of Am. Corp. v. Effective Bus. Sols. Inc.*, No. 3:18-cv-3102-S-BH, 2020 WL 2950412, at *4 (N.D. Tex. Mar. 30, 2020). That said, "[t]here must [still] be a sufficient basis in the pleadings for the judgment entered." *Sanchez v. Maddies Mayhem, LLC*, No. 4:19-cv-00574-SDJ-CAN, 2020 WL 4808604, at *4 (E.D. Tex. July 27, 2020). In determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Factual allegations in

the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Here, there is a sufficient basis—Hale has established a cause of action under the ADA. *See MacClymonds v. IMI Invs., Inc.*, No. cv H-05-2595, 2007 WL 1306803, at *3 (S.D. Tex. Apr. 5, 2007) (noting that the elements of an ADA public accommodation case are "1) the plaintiff has a disability; 2) the place that the defendant owns, leases, or operates is a place of public accommodation; and 3) the plaintiff was denied full and equal enjoyment because of his disability."). Here, the Complaint alleges that Hale is an individual with disabilities as defined by the ADA and is substantially limited in performing major life activities such as walking and standing and uses a wheelchair. [1], p. 2. Moreover, in June 2023, Hale "attempted to but was deterred from patronizing and/or gaining equal access as a disabled patron to the Metro Serve Gas Station located at 3008 Old Mobile Avenue, Pascagoula, MS 39581." *Id.* at p. 3. And Eselin is the "owner, lessor, and/or operator/lessee" of Metro Serve Gas Station. *Id.* Hale then lists 14 ADA violations he observed at the Metro Serve Gas Station. *Id.* at p. 6-8. Finally, Hale's "day-to-day life has been negatively affected by the barriers to entry at the [Metro Serve Gas Station], as his fundamental right to patronize any place of public accommodation at his choosing has been diminished by [Eselin's] non- compliance with the ADA." *Id.* Accordingly, Hale has satisfied the three elements necessary for a sufficient ADA claim.

### 3. Injunctive Relief

Third, there remains the question of relief. In the Complaint, Hale requests injunctive relief, "including an order to alter the [Metro Serve Gas Station] to make [it] readily accessible to, and

useable by, individuals with disabilities to the extent required by the ADA, closing the [Metro Serve Gas Station] until the requisite modifications are completed,[1] and ordering [Eselin] to fulfill [his] continuing duty to maintain the accessible features at the premise in the future as mandated by 28 C.F.R. Section 36.211." [1], p. 11-12. Hale also requests attorney's fees and related expenses. *Id.*

"Damages are not available for a Title III ADA claim brought by a private party, but a private party may seek injunctive relief." *Perez v. Doctors Hosp. at Renaissance, Ltd.*, 624 F. App'x 180, 183 (5th Cir. 2015); 42 U.S.C. § 12188(a). Though, the ADA does authorize a court, in its discretion, to award attorney's fees to the prevailing party. *Deutsh v. Jesus Becerra, Inc.*, No. 16-50164, 2016 WL 4524491, at *1 (5th Cir. Aug. 29, 2016) (citing 42 U.S.C. § 12205). "The party seeking a permanent injunction must satisfy a four-part test: (1) success on the merits; (2) the failure to grant the injunction will result in irreparable injury; (3) the injury outweighs any damage that the injunction will cause the opposing party; and (4) the injunction will not disserve the public interest." *United Motorcoach Ass'n, Inc. v. City of Austin*, 851 F.3d 489, 492-93 (5th Cir. 2017). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before an injunction can be granted." *Mississippi Power and Light Co.*, 760 F.2d at 621.

First, as to the success on the merits, courts must look to the actual success on the merits of the claim, not the success of the injunction. *See Villas at Parkside Partners v. City of Framers Branch*, 577 F. Supp. 2d 858, 877 (N.D. Tex. 2008). As discussed, Hale has satisfied a *prima facie* case under

---

[1] Hale wisely narrowed the remedies he sought in the Motion and he did not attempt to argue for the remedy of closing the Metro Serve Gas Station until the modifications are made—nor did he attempt to show how failing to close the Metro Serve Gas Station would result in irreparable injury to himself, how his injury outweighs the damage closing would cause Eselin, or how closing would not disserve the public interest. *See Mississippi Power and Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985).

Title III of the ADA. *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1128 (S.D. Cal. 2005). Accordingly, this element is met.

Second, as to irreparable injury, Hale argues that he is "without adequate remedy and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless" Eselin removes the "physical barriers, dangerous conditions, and ADA violations" at the Metro Serve Gas Station. [1], p. 11. Moreover, Hale "intends on revisiting the [Metro Serve Gas Station] to enjoy the . . . experiences, goods, and services available" as a customer and for advocacy purposes, "but does not intend to continue to repeatedly re-expose himself to the ongoing barriers to equal access and engage in the futile gesture of" attempting to visit the Metro Serve Gas Station, known to have several and continuing barriers to access. [1], p. 4. In the Fifth Circuit, for harm "[t]o be considered irreparable, the injury in question must be imminent and cannot be speculative." *ADT, LLC v. Cap. Connect, Inc.*, No. 3:15-cv-2252-G, 2015 WL 6549277, at *14-*18 (N.D. Tex. Oct. 28, 2015) (Fish, J.). Hale lives within 30 miles of the Metro Serve Gas Station and it is on a major road that Hale "frequents routinely." [1], p. 3. Indeed, Hale is in the immediate area "numerous times every month, if not every week." *Id.* While there are likely local competitor properties that provide similar goods and services, the nature of the injury that Hale alleges—lack of access—has apparently not changed and, under the ADA, Hale cannot be compensated with damages. Therefore, the second element has thus been met.

Third, as to whether the threatened injury outweighs any harm the injunction might cause Eselin, Hale notes that ADA compliance "is readily achievable and can be accomplished and carried out without significant difficulty or expense." [1], p. 10. Moreover, "to assist businesses in offsetting the costs associated with complying with the ADA," Hale notes that "Section 44 of the IRS Code provides a tax credit for small business owners, and Section 190 of the IRS Code provides a tax

deduction for all business owners, including [Eselin]." *Id.* Finally, Hale claims that "removal of the physical barriers and dangerous conditions" is also "readily achievable because of the relative low cost of the necessary modifications and [Eselin] has the financial resources to make the modifications," which include the potential tax credits and deductions. *Id.* Accepting these allegations as true, Hale has met the burden of showing that his injury outweighs any harm to Eselin. The third element has been satisfied.

Finally, Hale contends that the requested relief does not disserve the public interest. [1], p. 11. The Court agrees. In fact, creating accessible facilities not only does not disserve the public—it *benefits* the public. For this reason, the final element is satisfied. *See Nat'l Solid Wastes Mgmt. Ass'n v. City of Dallas*, No. 3:11-cv-3200-O, 2012 WL 13055145, at *16 (N.D. Tex. Jan. 31, 2012) (holding that an injunction that allowed the other members of the public to continue contracting for waste disposal services at the authorized facility of their choice was in the public interest). Since Hale has satisfied all four elements, he is entitled to his requested injunctive relief through a default judgment. The Motion [6] is granted, and a default judgment should be entered against Eselin. *See Hanks v. Olivarez*, No. 3:18-cv-2435-S, 2019 WL 13472193, at *7 (N.D. Tex. May 24, 2019).

## II. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff David Hale's Motion for Default Judgment [6] is GRANTED and a DEFAULT JUDGMENT is entered against Defendant Chester Eselin, Jr.

IT IS FURTHER ORDERED that the repairs and modifications necessary to remove all barriers to entry, as defined by the ADA and accompanying federal regulations, and as set forth in Plaintiff's Complaint in paragraph 31(a)–(n), be made at the Metro Serve Gas Station.

IT IS FURTHER ORDERED that Plaintiff David Hale is awarded attorney's fees and costs in the amount of $4,467.12,[2] pursuant to 42 U.S.C. Section 12205. *See also Deutsh*, No. 16-50164, 2016 WL 4524491, at *1. The Court will retain jurisdiction to modify and enforce the Default Judgment, as necessary.

THIS, the 8th day of August, 2024.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[2] In these cases, if a defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing. 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 2688 (4th ed.). Since Hale has provided documentation via a Declaration [6-1] for this exact number, and Eselin has not contested the amount, this relief is appropriate and no hearing is necessary.